UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA            CASE NUMBER: 00-6309-CR-Seitz

    Plaintiff,

vs.

JOHN MAMONE

    Defendant.
_____/

**UNOPPOSED MOTION FOR ORDER VACATING PROTECTIVE ORDERS AS TO GATEWAY TRANSPORTATION SERVICES, INC., ITS OFFICERS, SHAREHOLDERS AND EMPLOYEES, INCLUDING DEFENDANTS JOHN MAMONE AND DAVID BELL**

THE UNITED STATES OF AMERICA, DEFENDANTS JOHN MAMONE AND DAVID BELL, and GATEWAY TRANSPORTATION SERVICES, INC., (hereafter referred to as GTS) through counsel, hereby move this Court to enter its Order Vacating its previously entered protective orders as they may relate to GTS, its officers, shareholders and employees, including Defendant John Mamone and David Bell. As grounds therefore, it is respectfully alleged as follows:

1. GTS was one of the subject's of this Court's earlier protective order and a stipulation thereto. At the time of the entry of the initial order, according to all accounts, including that of the United States Marshal, who carefully studied the business and analyzed its financial health, the business was failing. In most months preceding the seizure under the preliminary order, the business' expenditures exceeded the income.

2. The business, a trucking and freight brokerage business, was entirely dependent upon customers who utilized GTS's services to arrange for and transport goods throughout the country. The company owned no trucks and relied upon owner/operators to supply the vehicles and drivers.

There were no written contracts between the customers and GTS. Business depended almost exclusively upon good will between the customers and GTS.

3. Funding for GTS was provided by a factor. The receivables were delivered directly to the factor to service the company debt and the business expenses were paid from money derived from the factor.

4. Due, in part,[1] to the protective order, the indictment of two of its key employees, the damaging publicity that flowed therefrom and some unscrupulous business practices by competitors of GTS, the following occurred in relative short order:

    a. The owner/operators were not confident that they would continue to get paid. This lack of confidence was based on fear and the fact their pay was delayed or not made at all. Consequently, the owner/operators went to work with other companies, leaving GTS without trucks and drivers.

    b. The customers, concerned that their goods would not be shipped, found other companies to handle their work and

    c. The factor decided to discontinue its relationship with GTS, leaving the company without funds to operate. (Attached hereto as Exhibit A is a letter from Foley & Mansfield, Attorneys at Law, who represent Transport Clearings, the factor for Gateway Transportation, to Susan Trench, the civil attorney for Gateway Transportation. That letter, in the first paragraph, refers to the earlier notice of cancellation.)

5. Although the government and the company attempted over several weeks to try to

---

[1] The inability of the company to turn a profit more quickly, and its rapid, underfunded growth weakened the company and most probably precluded the survival of GTS when the government added the burden caused by its intervention.

save the business, on Friday, December 1, 2000, GTS closed its doors. Without trucks, drivers, customers and funds, there could be no GTS. (See *Articles of Dissolution of Gateway Transportation Services, Inc.*, and *Consent of Shareholders and Directors of Gateway Transportation Services., Inc., to Dissolution of the Corporation* attached hereto as Composite Exhibit B).

6. Assistant United States Attorney Brian McCormick, the prosecutor on the criminal matter and Assistant United States Attorney William H. Beckerleg, Jr., who is handling the forfeiture aspect of this case, have been regularly consulted in this matter and have been provided a copy of this motion. They have no opposition the entry of an Order Vacating that part of the protective orders that relate to GTS and its owners, shareholders and employees, including Mr. Mamone and Mr. Bell.

WHEREFORE, it is respectfully requested that this court enter its Order Vacating its protective orders as to Gateway Transportation Services, Inc., its officers, shareholders and employees, including Defendants John Mamone and David Bell.

Respectfully Submitted,

THORNTON & ROTHMAN, P.A.

By: _____
DAVID ROTHMAN

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Order Vacating Protective Orders was forwarded via facsimile to Assistant U.S. Attorneys Brian McCormick and William Beckerleg, 500 E. Broward Blvd., Ft. Lauderdale, FL 33394 on this the 19th day of December, 2000.

_____
DAVID ROTHMAN

# FOLEY & MANSFIELD

KYLE D. MANSFIELD
STEPHEN J. FOLEY
STEPHEN L. WILSON
RUSSELL D. MELTON
GARY D. SHARP *
FRANK A. DVORAK
KARL K. BRINZERLING
THOMAS J. LALLER
THOMAS M. STIEBER
ROBERT E. DOHL
WILLIAM E. OSANTOWSKI *
THOMAS A. HARDER
JOHN MARK MOONEY *
BRADLEY D. FISHER
THOMAS W. PAHL
ROBERT J. RICHMOND *
LAWRENCE S. DERK *
CYNTHIA R. BARTELL
JOHN T. TROUT
CALLI BALDWIN DUNCAN *
MICHELLE I. ROGNLIEN
WILLIAM D. HATHAWAY
MICHAEL W. DVORAK
DAVID M. DAHLMEIER
AARON M. PONCE
LORI A. BUTKUS

ATTORNEYS AT LAW
PROFESSIONAL LIMITED LIABILITY PARTNERSHIP

250 Lafayette Building
1108 Nicollet Mall
Minneapolis, Minnesota 55403
Telephone: (612) 338-8788 Facsimile: (612) 338-8690

ATTORNEYS ADMITTED TO PRACTICE IN
MINNESOTA, MICHIGAN, MISSOURI, WISCONSIN, CALIFORNIA,
KANSAS, NORTH DAKOTA, OREGON, PENNSYLVANIA, ILLINOIS,
FLORIDA, OHIO, AND THE DISTRICT OF COLUMBIA

ATTORNEYS NOT ADMITTED TO PRACTICE IN MINNESOTA

December 1, 2000

MICHIGAN OFFICE:
Suite 114
4905 Telegraph Road
Bloomfield Hills, MI 48301
Telephone: (248) 540-9636
Facsimile: (248) 540-9639

ST. LOUIS OFFICE:
Muenzler on the Park
18 South Kingshighway
St. Louis, MO 63108
Telephone: (314) 367-7060
Facsimile: (314) 367-9945

Please Reply to:
Minneapolis Office

Writer's Direct Dial
347-0183

**By Facsimile and U.S. Mail**
Susan E. Trench, Esq.
Suite 3250, One Biscayne Tower
Two South Biscayne Boulevard
Miami, FL 33131

RE:  Transport Clearings/Gateway Transportation
     Our File No. 1691-11

Dear Susan:

As I am sure you are aware, Scott Smith and I met with David Bell, Bill Dunning and for a brief time, John Manning at Gateway's offices in Miami on Thursday, November 30, 2000. Gateway has been in default under the terms of their loan documents for some time and notice of cancellation has been previously given to Gateway. Transport Clearings has continued to work with Gateway while they tried to find alternate financing.

On Wednesday, Transport Clearings was advised by Mr. Bell that Gateway "had closed their doors". This prompted Mr. Smith and my trip to Miami and meeting yesterday. Mr. Bell told us repeatedly that unless he received $350,000, that Gateway's operations would not be continued. Mr. Smith, myself and Mr. Bell met at the hotel last evening. We told Mr. Bell that we could not extend any further credit based on Gateway's accounts. Mr. Bell told us that Gateway was shut down and was out of business. He also said he had to pay his employees and owner operators about $200,000.

As you know, Gateway's accounts are assigned to Transport Clearings. Transport Clearings has exercised its assignment rights and notified Gateway account debtors of the assignment and their

789.01

December 1, 2000
Page 2

obligation to pay Transport Clearings directly. Once notice of assignment is given, the account debtors cannot satisfy its payment obligation by making payment to Gateway. Mr. Bell led us to believe that Gateway might attempt to collect accounts in order to pay personnel. Gateway no longer has the right to collect these accounts.

Transport Clearings' representatives are reminding the account debtors of the assignment of Gateway's accounts to Transport Clearings and their legal obligation to make payment directly to Transport Clearings. No one is calling anyone a "thief" or a "liar". Conversely, we expect that Gateway will not attempt to collect their accounts directly and request that you remind them that the accounts and their proceeds are property of Transport Clearings and that any use of those proceeds by Gateway would constitute conversion. Gateway has no right to collect these accounts and pay their employees and owner operators.

You indicate in your letter that customers have ceased paying Gateway. That simply complies with the law of assignment under the UCC and is exactly what should occur. With respect to canceled shipments, we have no knowledge of this. However, Mr. Bell told us repeatedly yesterday that Gateway is shut down/out of business. In fact, Mr. Bell told us that some of his owner operators may be holding loads hostage. Therefore, I do not understand how Transport Clearings could be affecting Gateway's business when Mr. Bell told us yesterday that the business has ceased.

I have reminded Transport Clearings that they should only advise account debtors of the assignment to Transport Clearings and their legal obligation to pay Transport Clearings. I trust that you will remind Gateway that they no longer have a right to collect these accounts and if they receive proceeds from accounts, they must forward all proceeds in the form received directly to Transport Clearings and not use any of the proceeds for Gateway's own purposes.

Very truly yours,

FRANK A. DVORAK
FAD:rlc
cc:   Scott Smith

cuevas\florida\a-disolve.mjb

# ARTICLES OF DISSOLUTION

## OF

## GATEWAY TRANSPORTATION SERVICES, INC.

Gateway Transportation Services, Inc., by its President and Secretary, for purposes of complying with §607.1403, Florida Statutes, relating to Articles of Dissolution, do hereby execute the following Articles of Dissolution:

1. **Name of Corporation.** The name of the corporation is Gateway Transportation Services, Inc.

2. **Date of Dissolution.** The date on which dissolution was authorized was December 1, 2000.

3. **Approval by Shareholders.** All of the Shareholders of the corporation have voted for Dissolution and such vote by all of the Shareholders was sufficient for approval of the dissolution. No further votes or approval are necessary for dissolution.

4. **Written Approval of Dissolution.** The corporation's election to dissolve by written consent of its Shareholders is attached hereto as Exhibit "A".

5. **Effective Date.** The effective date of these Articles of Dissolution shall be December 1, 2000.

6. **Voluntary Dissolution/Name Use.** The corporation was voluntarily dissolved on December 1, 2000; and it has no intention of revoking this voluntary dissolution and its name is available for immediate use by any other corporation.

GATEWAY TRANSPORTATION SERVICES, INC.

By: _____
John Manning
Majority Shareholder

STATE OF FLORIDA        )
                        )SS
MIAMI-DADE COUNTY       )

The foregoing instrument was acknowledged before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, this __/__ day of December, 2000, by JOHN MANNING as Majority Shareholder of Gateway Transportation Services, Inc., who personally appeared before me at the time of notarization, and who is personally known to me or who has produced __FL Lic A__ as identification.

_____
Notary Public

_____
Print
Vidalia Quiles

My commission expires:

VIDALIA QUILES
COMMISSION # CC625666
EXPIRES APR 05, 2001
BONDED THROUGH
ATLANTIC BONDING CO., INC.

## CONSENT OF SHAREHOLDERS AND DIRECTORS OF

## GATEWAY TRANSPORTATION SERVICES, INC.

## TO DISSOLUTION OF THE CORPORATION

Pursuant to §607.0704, Florida Statutes, and other applicable Florida statutes, the undersigned being all of the Directors and Shareholders of Gateway Transportation Services, inc., hereby consent to and adopt a plan of dissolution of the corporation as follows:

1. **Articles of Dissolution.** Proposed copies of Articles of Dissolution of Gateway Transportation Services, Inc. have been prepared by counsel and are attached.

2. **Marshalling of Assets.** All of the assets of the corporation, including but not limited to equipment, accounts receivable and funds in banks has been inventoried and accounted for.

3. **Disposition of Property.** Non-cash properties shall divided between the Shareholders in accordance with the schedules attached hereto. Each shareholder shall receive an equal division of all other corporate assets.

4. **Payment of Liabilities.** The Shareholders agree that liabilities shall be paid before the payment of any distributions to Shareholders.

5. **Accounting.** The books and records of the corporation are available for either Shareholder to review at their own cost and expense. After completion of the Shareholders' review of the books and records, the parties shall make such adjustments between them as may be necessary to effect an equal division of corporate assets.

6. **Final Tax Return.** The parties agree that a final tax return must be filed and the corporation accountant shall prepare and file same. The cost of filing shall be paid by the corporation as one of the remaining liabilities of the corporation prior to final distribution of assets to the Shareholders.

7. **Custodian of Records.** David Bell shall remain the custodian of the corporation records until all appropriate statute of limitations have lapsed and/or three years from the date hereof, whichever is later.

8. **Other Actions.** The Shareholders agree to cooperate with each other so that every act necessary to wind up and liquidate the business and affairs of the corporation shall be performed. No further distributions to the Shareholders shall be made without the agreement of both Shareholders.

The undersigned, being all of the Shareholders and Directors of Gateway Transportation Services, Inc., hereby elect this plan of dissolution and hereby approve the proposed Articles of Dissolution attached hereto.

Dated this __1__ day of December, 2000.

SHAREHOLDERS AND DIRECTORS

*[signatures]*

# FedEx USA Airbill

FedEx Tracking Number: 8183 8870 3362

Form I.D. No.: 0215

## 1 From

Date: 12-14-00

Sender's FedEx Account Number: 1019-0853-4

Sender's Name: JOHN MAMONE

Phone: (954) 753-4161

Company: J M & SONS MULTI SERV INC

Address: 1960 AUGUSTA TER

City: CORAL SPRINGS   State: FL   ZIP: 33071

## 2 Your Internal Billing Reference

## 3 To

Recipient's Name: DEPARTMENT OF STATE   Phone: (850) 487-6052

Company: DIVISIONS OF CORPORATIONS

Address: 409 E GAINES ST.

City: TALLAHASSEE   State: FL   ZIP: 32399

## 4a Express Package Service

[X] FedEx Priority Overnight
[ ] FedEx Standard Overnight
[ ] FedEx First Overnight
[ ] FedEx 2Day
[ ] FedEx Express Saver

## 4b Express Freight Service

[ ] FedEx 1Day Freight
[ ] FedEx 2Day Freight
[ ] FedEx 3Day Freight

## 5 Packaging

[X] FedEx Letter
[ ] FedEx Pak
[ ] Other Pkg.

## 6 Special Handling

[ ] Saturday Delivery
[ ] Sunday Delivery
[ ] HOLD Weekday at FedEx Location
[ ] HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
[X] No   [ ] Yes As per attached Shipper's Declaration   [ ] Yes Shipper's Declaration not required   [ ] Dry Ice
[ ] Cargo Aircraft Only

## 7 Payment Bill to:

[X] Sender   [ ] Recipient   [ ] Third Party   [ ] Credit Card   [ ] Cash/Check

0127238456

359

```
ANNA GRACE MAMONE                                          169
PH# (954)753-4150
1960 AUGUSTA TER                  Date 12-13 2000     63-8376/2670
CORAL SPRINGS, FL 33071                                       024

Pay to the
Order of  Department of State              $ 35 00/xx
         Thirty Two                     00/xx
                                                  Dollars

Bank Atlantic    North Coral Springs           POWER BANKING
                 4695 N. University Drive              PLUS
                 Coral Springs, FL 33067

For DISSOLUTION OF Gateway trans.      [signature] Anna Grace Mamone
                   Ser. Chge

⑆267083763⑆  0057130369⑈ 0169
```