Unsealed _____  SEALED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ/GARBER(s)(s)

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                              **UNDER SEAL**

DAVID BELL,
        Defendant.
_____

SUPPLEMENTAL SEALED ATTACHMENT TO GOVERNMENT'S
EX PARTE SEALED MOTION FOR REVOCATION OF BOND AND
APPLICATION FOR ARREST WARRANT FOR DEFENDANT DAVID BELL

The United States of America, through its undersigned attorneys, files this Supplemental Sealed Attachment to Government's Ex Parte Motion for Revocation of Bond and application for an arrest warrant for defendant DAVID BELL.

        Respectfully submitted,

        GUY E. LEWIS
        UNITED STATES ATTORNEY

By: _____
    J. BRIAN McCORMICK
    ASSISTANT UNITED STATES ATTORNEY
    Court I.D. #A5500084
    500 East Broward Blvd., Suite 700
    Fort Lauderdale, FL 33394
    Telephone: (954) 356-7392
    Fax: (954) 356-7230

By: _____
    DIANA L.W. FERNANDEZ
    ASSISTANT UNITED STATES ATTORNEY
    Court I.D. #A5500017
    500 East Broward Blvd., Suite 700
    Fort Lauderdale, FL 33394
    Telephone: (954) 356-7392
    Fax: (954) 356-7230

529/8

## AFFIDAVIT

I, Christopher Starrett, being duly sworn, deposes and state:

1. That for the past two years I have been employed as a Special Agent of the Federal Bureau of Investigation (FBI) assigned to OC-1 of the Miami Division. I make this affidavit on the basis of my personal knowledge and information related to me by other agents of the FBI and cooperating witnesses in this case.

2. On August 14, 2001, a federal grand jury sitting in Fort Lauderdale returned a sealed second superseding indictment charging JOHN MAMONE, DAVID BELL, JOHN O'SULLIVAN, and eleven other persons with various acts of racketeering, including RICO conspiracy, loansharking, money laundering, receiving stolen property, illegal gambling, among other crimes.

3. Your Affiant submits that the defendant's bond should be revoked and an arrest warrant should be issued. Since being released on bond, the defendant has committed criminal acts requiring that his bond be revoked. In short, since October 2000, the defendant has committed several violations of federal law involving sale and receipt of stolen goods in violation of Title 18, United States Code, Section 2315.

4. In early December 2000, while under house arrest, codefendant JOHN MAMONE represented a company called First Choice in the negotiation of a sub-hauling contract with a company called Keystone, which was a transportation company located in

New Jersey. Defendant BELL was employed by First Choice as a manager. BELL's father in law, John Manning, was the owner on record of the company. First Choice, through MAMONE, had agreed to assist Keystone by hauling goods from South Florida to the West Coast of the United States. Among the goods to be hauled were various clothing lines, including Tommy Hilfiger, Levi Strauss and Ralph Lauren.

5. Although MAMONE negotiated the contract with Keystone, codefendant DAVID BELL was involved in the day to day operation of First Choice.

6. Under this oral contract, several loads were transported in December of 2000. One of the loads was delivered to the ultimate destination by First Choice but there was a portion of the load missing. Keystone estimated that goods valued at approximately $40,000 were not delivered. The goods that were stolen from this shipment consisted of shirts and jeans from manufacturers such as Tommy Hilfiger, Levi Strauss and Ralph Lauren.

7. During early 2001, and prior to cooperating with the government, a CW informed the FBI that he had participated with BELL, MAMONE and O'SULLIVAN in selling some of the stolen clothing that was taken from the First Choice shipments during the month of December 2000. The CW stated that he routinely socialized with BELL during this period of time. Through direct conversations with BELL and the others, he was aware that BELL

2

and MAMONE planned the theft of the cargo and each shared in the illegal profits. According to the CW, O'SULLIVAN, BELL and the CW actively sold the stolen goods to various sources.

8. Since December 2000, MAMONE's home telephone has been monitored pursuant to Court Order relating to house arrest. During that time period (from December, 2000, to the present), according to monitored conversations, O'SULLIVAN visited MAMONE on approximately thirty occasions. MAMONE and O'SULLIVAN also spoke on the telephone on nearly one hundred occasions.

9. On July 3, 2001, in a recorded conversation with the CW, O'SULLIVAN acknowledged that MAMONE had received $5,000 from the sale of some of the goods that were stolen during December 2000 by defendant BELL and others. O'SULLIVAN confirmed that he had delivered the money to MAMONE while MAMONE was under house arrest. In a further conversation, O'SULLIVAN stated to the CW that MAMONE told him that he (MAMONE) had had a previous conversation with BELL about payment for the stolen goods.

FURTHER AFFIANT SAYETH NAUGHT

_____
Christopher Starrett, Special Agent
Federal Bureau of Investigation

Sworn to and subscribed
before me this _17th_ day
of _August_, 2001

_Marlene Feldman_
Notary Public



MARLENE FELDMAN
MY COMMISSION # CC 766725
EXPIRES: December 12, 2002
Bonded Thru Notary Public Underwriters

3

BLG

U.S. District Court
FLS - Southern District of Florida FtLauderdale

CRIMINAL DOCKET FOR CASE #: 00-CR-6309

USA v. Raffa, et al.                                                Filed: 10/24/00
Assigned to: Patricia A. Seitz


Dkt # in other court: None

| Date | # | Description |
|---|---|---|
| 08/14/01 | 516 | SEALED DOCUMENT (sp) [Entry date 08/21/01] |
| 08/14/01 | 517 | SEALED DOCUMENT (sp) [Entry date 08/21/01] |
| 08/14/01 | 518 | SEALED DOCUMENT (sp) [Entry date 08/21/01] |
| 08/14/01 | 519 | SEALED DOCUMENT (sp) [Entry date 08/21/01] |
| 08/14/01 | 520 | SEALED DOCUMENT (sp) [Entry date 08/21/01] |
| 08/15/01 | 512 | SEALED DOCUMENT (sp) [Entry date 08/16/01] |
| 08/15/01 | 513 | SEALED DOCUMENT (sp) [Entry date 08/16/01] |
| 08/15/01 | 514 | ORDER as to John Mamone denying [413-1] motion to alter certain conditions of pretrial release as to John Mamone (2) ( Signed by Magistrate Stephen T. Brown on 8/14/01) [EOD Date: 8/16/01] CCAP☐ (dg) [Entry date 08/16/01] |
| 08/15/01 | 521 | SEALED DOCUMENT (sp) [Entry date 08/21/01] |
| 08/15/01 | 522 | SEALED DOCUMENT (sp) [Entry date 08/21/01] |
| 08/16/01 | 523 | SEALED DOCUMENT (sp) [Entry date 08/21/01] |
| 08/17/01 | 524 | SEALED DOCUMENT (sp) [Entry date 08/21/01] |
| 08/17/01 | 525 | SEALED DOCUMENT (sp) [Entry date 08/21/01] |
| 08/17/01 | 526 | SEALED DOCUMENT (sp) [Entry date 08/21/01] |
| 08/17/01 | 527 | SEALED DOCUMENT (sp) [Entry date 08/21/01] |
| 08/17/01 | 528 | SEALED DOCUMENT (sp) [Entry date 08/21/01] |
| 08/17/01 | 529 | SEALED DOCUMENT (sp) [Entry date 08/21/01] |
| 08/20/01 | 515 | NOTICE of filing letter regarding pending discovery issues by Fred Morgenstern (dg) [Entry date 08/21/01] |

Attached to D.E. # 529