UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ(S)(S)

01 AUG 22 PM 12 09

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID BELL,

    Defendant,

AMERICAN SURETY COMPANY,

    Corporate Surety,
and

STACEY BELL,

    Surety.
_____/

**MOTION FOR REVOCATION AND ESTREATURE AND FOR ENTRY
OF A FINAL JUDGMENT OF FORFEITURE OF APPEARANCE BONDS**

    Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney for the Southern District of Florida, moves this Court to revoke and estreat the appearance bonds and enter a Final Judgment of Forfeiture of Appearance Bonds in favor of plaintiff and against defendant, DAVID BELL, and Stacey Bell, surety, in the amount of $250,000 personal surety bond and against defendant, DAVID BELL, and corporate surety, American Surety Company, in the amount of $25,000 corporate surety bond. Plaintiff will rely in support hereof upon the annexed Memorandum of Law.

**MEMORANDUM OF LAW**

**REQUEST FOR ESTREATURE**

1. On October 27, 2000, defendant DAVID BELL, and surety, Stacey Bell, executed a personal surety bond on behalf of the defendant in the sum of $250,000 to guarantee the defendant's appearance as ordered by the Court.

2. On October 27, 2000, defendant, DAVID BELL, and corporate surety, American Surety Company, executed a corporate surety appearance bond on behalf of the defendant in the sum of $25,000 to guarantee the defendant's appearance as ordered by the Court.

3. The defendant, DAVID BELL, has not honored the terms of the appearance bonds in that DAVID BELL failed to comply with the conditions of his Pretrial Services release.

4. On August 17, 2001, after a motion to revoke defendant's bond and request for an arrest warrant with accompanying affidavit was filed by the government, United States District Judge Patricia A. Seitz issued a warrant authorizing the arrest of defendant DAVID BELL for committing violations of federal law while on bond.

5. On August 21, 2001, the defendant was arrested by the FBI pursuant to the above-described arrest warrant and placed into custody.

6. The provisions of Fed. R. Crim. P. 46(e)(1), provide that: "If there is a breach of condition of a bond, the district Court shall declare a forfeiture of the bail." It has been held that the revocation or forfeiture required by these provisions is

mandatory, even though it may later be set aside under the further provisions of Paragraph (e). United States v. Stanley, 601 F.2d 380 (9th Cir. 1979); Smith v. United States, 357 F.2d 486, 490 (5th Cir. 1966); Wright, Federal Practice & Procedure: Criminal 2d §776. No notice to the defendant or surety concerning the failure to appear or action for estreature is required, even though such notice is required in connection with a subsequent motion for appearance bond forfeiture judgment. United States v. Vera-Estrada, 577 F.2d 598 (9th Cir. 1979); United States v. Marquez, 564 F.2d 379, 381 (10th Cir. 1977).

7. Plaintiff therefore moves the Court to revoke and estreat the appearance bonds as to the defendant and sureties.

### REQUEST FOR BOND FORFEITURE JUDGMENT

8. The provisions of Fed. R. Crim. P. 46(e)(3) permit the Court, upon motion, to enter judgment as to any bond previously estreated and not subsequently set aside, and further provide that the obligors on the bond submit to jurisdiction and irrevocably appoint the Clerk of Court their agent for service of process when they execute the bond.

9. Upon the failure of any defendant to appear as directed by the Court, the provisions of 18 U.S.C. § 3146(d) permit the Court to declare forfeit to the United States any property posted or pledged to secure an appearance bond executed under the provisions of 18 U.S.C. §§ 3142(b), 3142(c)(1)(B)(xi) or (xii).

10. It is clear that upon failure of a bailed defendant to appear as required the surety becomes absolutely obligated to the

United States for the full amount of the bond, and that the government is not required in its motion to prove the amount of its expenses as a result of the breach. <u>United States v. Foster</u>, 417 F.2d 1254, 1256 (7th Cir. 1969); <u>United States v. Caro</u>, 56 F.R.D. 16, 20 (S.D. Fla. 1972); <u>Wright</u>, <u>Federal Practice and Procedure: Criminal 2d § 776</u>.

**WHEREFORE**, the United States of America moves this Court to enter a Final Judgment of Forfeiture of Appearance Bonds as to the aforesaid defendant and surety in the sums of $250,000 as to the personal surety bond, and $25,000 as to the corporate surety bond, plus accrued interest, if any, as prescribed by 28 U.S.C. § 1961, and the costs of this action.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: _____
J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
Court I.D. No. A5500081
500 East Broward Blvd., Seventh Floor
Ft. Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax No. (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 21st day of August, 2001, to:

David Bell
7705 Andes Lane
Parkland, Florida 33007

Stacey Bell
7705 Andes Lane
Parkland, Florida 33007

American Surety Company
Eduardo Almeida
1133 SE 3rd Avenue
Ft. Lauderdale, Florida 33316

American Surety Company
P. O. Box 68932
Indianapolis, Indiana 46268

Jeffrey M. Harris, Esq.
1 E. Broward Boulevard
Ft. Lauderdale, Florida 33301

BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY