UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 00-6309-CR-Seitz/Garber



UNITED STATES OF AMERICA

Plaintiff,

v.

DAVID BELL,

_____Defendant._____

## DEFENDANT'S MOTION IN LIMINE REGARDING RULE 404(B) EVIDENCE; MEMORANDUM OF LAW.

NOW COMES the Defendant, DAVID BELL, by and through his undersigned attorney, and files this Defendant's Motion In Limine Regarding Rule 404(b) Evidence; Memorandum Of Law, and in support thereof states as follows:

1. On August 14, 2001, the grand jury charged Defendant David Bell and thirteen co-defendants in a multi-count superseding indictment relating to gambling, extortion, mail-wire fraud, and money laundering.

2. On March 29, 2001, the United States provided notice to Defendant David Bell of its intent to introduce evidence relating to Bell's prior conviction pursuant to Rule 404(b), Fed.R.Evid. Its notice states the following:

> During 1985-1987, the defendant engaged in a scheme and artifice to defraud various victims. Specifically, the defendant threatened physical violence and/or property damage (arson) to victims who failed to remit money to the defendant and other persons.

**JEFFREY M. HARRIS, P.A.**
SUITE 925 • SOUTHTRUST TOWER • ONE EAST BROWARD BOULEVARD • FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 522-7000

3. Bell requests that the Court grant this motion in limine and deny the admission of this evidence since the conviction is not relevant to the charges in the case <u>sub judice</u>, was too remote in time, and was committed while Bell was a juvenile.

## MEMORANDUM OF LAW

**RELEVANCY**

Recently, in **United States v. Marshall,** 173 F.3d 1312, 1318(11th Cir. 1999) the Eleventh Circuit reversed a number of defendants' convictions where the trial court erroneously admitted evidence of an alleged drug transaction in North Carolina to support its claims against the defendants in a drug trial in the Northern District of Florida. The Court held that

> In this case, the police officer who testified regarding the arrest did not testify as to any connection between the defendants and the crack production taking place in the house in which they were arrested. The Government presented no other evidence on the matter. Consequently, the jury could not reasonably have concluded, based on the evidence before it, that Gallard and Green had been involved in crack distribution, and therefore the prior arrest and the circumstances surrounding it were not probative of intent. We thus conclude that the district court abused its discretion in admitting the evidence. The evidence relating to the arrest was potentially prejudicial in two ways. First, it tended to establish guilt by association because Gallard and Green cavorted with drug dealers. Therefore, they must be drug dealers themselves. Second, it functioned as impermissible character evidence. If Green and Gallard were willing to obstruct justice by lying to police regarding their identity, their lawlessness might also extend to drug dealing.

Applied here, the charges in the instant case are specific to acts committed in the Southern District of Florida and the alleged conspiracy and racketeering acts involving these specific co-defendants. Additionally, the facts of the case will reveal that Bell was merely the driver of the

2

vehicle when the extortion was allegedly committed and did not participate in the alleged extortion.

In **United States v. Church**, 955 F.2d 688 (11th Cir. 1992), the Court found that the trial court abused its discretion in granting the admission of a tape conversation regarding a "hit" on a prosecutor. The Court held that

> We stated in United States v. Pollock, 926 F.2d 1044, 1018 (11th Cir.), cert. denied, 502 U.S. 985, 112 S.Ct. 593 [p]roof that one is a bad man generally is not, under our system, admissible to prove that one committed a specific bad act.... But what appears to one person as propensity may be intent to another; the margin is not a bright line.... [T]his tape recording conversation is much closer to inadmissible character evidence, showing that Coppala is the type of person who would agree to facilitate the murder of a prosecutor than to evidence probate to Coppala's intent four years later.

Clearly, in the instant case, the Government cannot claim that the facts surrounding Bell's conviction for extortion is probative of his alleged conduct in the extortion, racketeering or mail fraud counts.

**REMOTENESS OF TIME**

Bell's prior acts were committed over 15 years ago while Bell was a juvenile. There is no relevance to the prior acts relating to intent, motive or design that relate to the instant case. None of the actors in the present case were involved in the prior conviction nor was the alleged enterprise in existence during the time period of the prior acts. The singular result of the admission of this evidence is to present to the jury that Bell was bad over 15 years ago and has the requisite propensity to commit the extortion acts 15 years later.

The Eleventh Circuit has held that an extrinsic offense committed approximately five years before the charged offense was not too remote to be admissible under Rule 403. See United States v. Bennett, 848 F.2d 1134,1137 (11th Cir. 1988). They have also noted, however, that decisions

3

as to impermissible remoteness are so fact specific that a generally applicable litmus test would be of dubious value. As a guide to the specific facts before them, the former Fifth Circuit has noted that "prior crimes involving deliberate and carefully premeditated intent such as fraud and forgery are far more likely to be of probative value...than prior crimes involving a quickly and spontaneous formed intent... such as assault. " United States v. San Martin, 505 F.2d 918, 923 (5th Cir. 1974).

The Fifth Circuit, **United States v. Chavez,** 119 F.3d 342 (5th Cir. 1997) has held that although the temporal remoteness of extrinsic evidence introduced to show intent weakens its probative value, the age of a prior conviction has never been held to be a per se bar to its use under Rule 404. See United States v. Broussard, 80 F.3d 1025, 1040 (5th Cir.) *cert. denied,* 519 U.S. 906 117 S.Ct 264, 136 L.Ed.2d 189 (1996). Instead, they apply the test set forth in *Beechum*. The court stated in *Beechum* that "[t]he task for the court in its ascertainment of probative value and unfair prejudice under rule 403 calls for a common sense assessment of all the circumstances surrounding the extrinsic offense." 582 F.2d at 914. However, the probative value of extrinsic evidence is not an absolute, but must be determined with regard to various factors such as the extent to which the defendant's unlawful intent is established by other evidence, the overall similarity of the extrinsic and charged offenses, and the amount of time that separates the extrinsic and charged offenses. *Id.* at 914-15."

In the instant case, the government cannot support a claim that there is a scintilla of evidence to support a similarity of the prior acts to the instant case and it will not be able to claim that these prior acts are relevant to this case. Instead, the admission of the prior acts will unfairly prejudice Bell.

4

THEREFORE, based on the foregoing, David Bell respectfully requests the Court grant his motion in limine and deny the admission of the prior acts into the trial pursuant to Rule 403 and Rule 404(b) Fed.R.Evidence.

Respectfully submitted,
JEFFREY M. HARRIS, P.A.
One East Broward Boulevard
Suite 925 - South Trust Tower
Fort Lauderdale, Florida 33301
(954) 522-7000
FAX: (954) 522-7008
Fla. Bar # 195981

JEFFREY M. HARRIS

I HEREBY CERTIFY that a true and correct copy of this foregoing has been furnished by U.S. Mail this 18 day of October, 2001, to the following listed attorneys.

JEFFREY M. HARRIS

H. Brian McCormick,
Assistant U.S Attorney
500 East Broward Blvd
Suite # 700
Fort Lauderdale, FL 33394

Emmanuel Perez, Esq.
2121 Ponce De Leon Blvd.
Suite 290
Coral Gables, FL 33134-5222
(Counsel for Joseph Silvestri)

James Benjamin, Esq.
1 Financial Plaza, Suite 1615
Fort Lauderdale, FL 33394
(Counsel for Mark Carattini)

Charles G. White, Esq.
2250 Southwest 3rd Avenue
Suite 150
Miami, FL 33129
(Counsel for Peggy Preston)

Howard Srebnick, Esquire
201 South Biscayne Bouvelard
Suite 1300
Mami, Florida 33131

Philip R. Horowitz, Esq.
9130 South Dadeland Boulevard
Suite 1910 - Two Datran Center
Miami, FL 33156
(Counsel for Mark Weiss)

Brian L. Tannebaum, Esq.

David Rothman, Esq.
First Union Financial Ctr.
200 South Biscayne Blvd.
Suite # 2690
Miami, FL 33131
(Counsel for John Mamone)

Michael Tarre, Esq.
Two S. Biscayne Blvd
Suite # 3250
Miami FL 33132
(Counsel for Jeffrey Bass)

David Tarlow, Esquire
801 Brickell Avenue Suite 1901
Miami, Florida 33131
(Counsel Frederiak Scaarola)

John Howes, Esq.
633 Southeast Third Avenue
Suite 4F
Fort Lauderdale, FL 33302
(Counsel for Fred Morgenstern)

Jon May, Esq.
200 East Broward Blvd.
Suite 1210
Fort Lauderdale, FL 33301
(Counsel for Charles Clay)

Joseph Rosenbaum, Esquire
2400 South Dixie Highway
Suite 105
Miami, Florida 33133
(Counsel for Anson Klinger)

Richard Hamar, Esq..

First Union Financial Center 200
South Biscayne Blvd Suite 2690
Miami, FL 33131
(Counsel for Michael Buccianna)

Maria Hamar, Esq.
2437 Briarcrest Road
Beverly Hills, CA 90210
(Counsel for Charles Clay)

Ana M. Jhones, Esq.
Bayside Plaza, Suite 625
330 Biscayne Boulevard
Miami, FL 33132
(Counsel for David Morgenstern)

Jayne C. Weintraub, Esq.
100 Southeast 2nd Street
Suite 3550
Miami, FL 33131
(Counsel for Joseph Russo)

David G. Vinikoor, Esq.
420 Southeast 12th sTreet
Fort Lauderdale, FL 33316
(Counsel for Jacolyn Baruch)