UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-Seitz/Garber

UNITED STATES OF AMERICA,

v.

DAVID BELL, et al.,

    Defendant.
_____/

## ORDER

THE COURT has received the defendant Bell's Motion In Limine Regarding Rule 404(B) Evidence, to which no response has been filed by the government.

The government seeks to introduce evidence relating to the defendant Bell's purported criminal activities in 1985-1987 during which he is claimed to have "engaged in a scheme and artifice to defraud various victims. Specifically, the defendant threatened physical violence and/or property damage (arson) to victims who failed to remit money to the defendant and other persons." Bell claims that such evidence is not relevant to the charges in this cause, was too remote in time, and the defendant committed such offenses when he was a juvenile.

It appearing to the Court that the proposed 404(B) evidence is extremely remote in time from the instant charges. However, it has been held *inter alia* that the age of a prior conviction has never been held to be a *per se* bar to its use pursuant to Rule 404. United States v. Chavez, 119 F.3d 342 (5th Cir. 1997). However, this remoteness, coupled with the claim that Bell was a juvenile at the time of the commission of the 404 offenses,

and the highly prejudicial nature of such evidence which outweighs its necessity at trial, compels this Court to rule as follows:

ORDERED that Bell's Motion In Limine Regarding Rule 404(B) Evidence is GRANTED. However, should the evidence at trial support a factual finding that the defendant's complicity in the cause *sub judice* is similar to that of the 404(B) evidence the government may move to vacate this order.

DONE AND ORDERED in Chambers at Miami, Florida this 12th day of December, 2001.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Seitz
H. Brian McCormick, Assistant United States Attorney
Jeffrey M. Harris, Esq.