UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                        CASE NO:    00-6309-CR-SEITZ

                                                 JUDGE:      SEITZ

        Plaintiff,

v.

DAVID BELL,

        Defendant.

_____

## MOTION TO RESET DATE OF SENTENCING

NOW COMES the Defendant, DAVID BELL, by and through his undersigned counsel,

JEFFREY M. HARRIS, and respectfully asks this Court to reset the sentencing and as grounds

therefore states the following:

1.     The above captioned case is presently scheduled for sentencing on August 19, 2002,

at 8:30 a.m.

2.     Undersigned counsel is planning to take his son to college on August 17, 2002, and

return August 20, 2002.  He cannot take his son earlier than August 17, 2002, since the dormitory

will not be available for occupancy.  Counsel needs the requested time to enable him to travel to his

destination and help set-up the residency.

3.     Undersigned counsel has conversed with Donna Wilmot from the U.S. Probation

Office and Brian McCormick from the U.S. Attorney's Office who voice  no objection to the

resetting of the sentencing.

WHEREFORE, the undersigned counsel respectfully prays unto this Honorable Court for an

### JEFFREY M. HARRIS, P.A.
SUITE 925 • SOUTHTRUST TOWER • ONE EAST BROWARD BOULEVARD • FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 522-7000

Order resetting the date of sentencing.

I HEREBY CERTIFY that a copy of this Motion has been furnished to the U.S. District Clerk of the Court, Federal Courthouse Square, 301 North Miami Avenue, Miami, Florida 33128, Brian McCormick, Esquire, United States Attorney's Office, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33394, U.S. Probation, 299 East Broward Boulevard, Room 409, Fort Lauderdale, Florida 33301 this $3/$ day of July, 2002.

JEFFREY M. HARRIS, P.A.
One East Broward Boulevard
Suite 925 - SouthTrust Tower
Fort Lauderdale, Florida 33301
(954) 522-7000
Fax (954) 522-7008


JEFFREY M. HARRIS
FLA.BAR#    195981

USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Case                                                    Page 1 of 5

# United States District Court
## Southern District of Florida
### MIAMI DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| | (For Offenses Committed On or After November 1, 1987) |
| v. | **Case Number: 00-6309-CR-SEITZ** |
| **DOREEN RUSSO** | |

Counsel For Defendant: Howard Srebnick, Esq.
Counsel For The United States: Brian McCormick, AUSA
Court Reporter: David Ehrlich

The defendant pleaded guilty to Count(s) One of the Information.
ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. 3 | Accessory after the fact. | October 10, 2000 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No. 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
Defendant's Date of Birth: 8/8/1947
Deft's U.S. Marshal No.: 62396-004

Date of Imposition of Sentence:
July 31, 2002

Defendant's Mailing Address:
2451 Brickell Avenue, #8M
Miami, FL 33129

Defendant's Residence Address:
2451 Brickell Avenue, #8M
Miami, FL 33129

PATRICIA A. SEITZ
United States District Judge

July _31_ ,2002



Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date 7/31/02

DEFENDANT: DOREEN RUSSO
CASE NUMBER: 00-6309-CR-SEITZ

# PROBATION

The defendant is hereby sentenced to probation for a term of **3 years**.

While on probation, the defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

       The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter.

       **The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

       If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

       The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

       **The defendant shall also comply with the additional conditions on the attached page.**

# STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Case                                                                    Page 3 of 5

DEFENDANT: DOREEN RUSSO
CASE NUMBER: 00-6309-CR-SEITZ

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional condition(s) of probation:

The defendant shall perform **300 hours** of community service over the period of supervision, as directed by the United States Probation Officer.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

After completing two years of probation and satisfying all conditions, the court will consider early termination of probation.

DEFENDANT: DOREEN RUSSO
CASE NUMBER: 00-6309-CR-SEITZ

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | $10,000.00 | $130,000.00 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Beattie B. Ashmore Receiver for Chemical Trust Fund P. O. Box 10333 Greenville, SC 29603 | $130,000.00 | $130,000.00 | PAID IN FULL |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Case

DEFENDANT: DOREEN RUSSO
CASE NUMBER: 00-6309-CR-SEITZ

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

    A.      Lump sum payment of **$100.00** due immediately.
    E.      Special instructions regarding the payment of criminal monetary penalties:

    The Restitution has already been paid in full.
    The fine may be paid in installments over the term of probation.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the U.S. COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **301 N. MIAMI AVENUE, ROOM 150**
    **MIAMI, FLORIDA 33128**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

        Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

Joseph Russo, 00-6309-CR-SEITZ, $130,000.00

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.